Alonzo Spencer **OWENS**, Plaintiff–Appellant,

v.

The **STATE OF NEW YORK ATTORNEY GENERAL**, et al., Defendants–Appellees.

No. 00–9047.

United States Court of Appeals, Second Circuit.

May 31, 2001.

Alonzo Spencer Owens, New York, NY, pro se.

Eliot Spitzer, Attorney General of the State of New York, New York, NY; Michael S. Belohlavek, Deputy Solicitor General, Marion Buchbinder, and David Axinn, Assistant Solicitors General on the brief, for The State of New York Attorney General's Office Department of Law, Assistant Attorney General Angela Cartmill, Attorney General Robert Abrams, Judge Alfred Toker, Justice Ernst H. Rosenberger, Justice Sidney Asch, Justice Richard Wallach, Justice Israel Rubin, and the State of New York, for appellees.

Present FEINBERG, LEVAL and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is AFFIRMED.

■ Plaintiff-appellant Alonzo Spencer Owens ("Owens"), *pro se,* alleges that, under 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"), the appellees violated his rights to equal protection and discriminated against him because of his disability in the adjudication of a civil case filed by Owens in 1991. The district court granted the appellees' motion to dismiss the amended complaint pursuant to Fed.R.Civ.P. 8(a) on the ground that Owens's fifty-five page amended complaint was incomprehensible. Although we do not agree that the amended complaint was incomprehensible, we affirm the district court's Rule 8(a) dismissal on the alternative ground that the complaint was neither short nor plain. *See McNally Wellman Co. v. New York State Elec. & Gas Corp. .,* 63 F.3d 1188, 1194 (2d Cir.1995) ("We need not affirm for the reasons expressed by the district court but may affirm on any ground supported by the record.").

■ The district court also declined to allow Owens an opportunity to amend his complaint, pursuant to Fed.R.Civ.P. 15(a), on the ground that such an amendment would be futile given his past prolific submissions. Although we do not agree with the district court's reason, we affirm the district court's denial of the appellant's Rule 15(a) motion for the following alternative reasons. *See id.* The Supreme Court has explained that a district court need not grant leave to amend if amendment would be futile. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9

L.Ed.2d 222 (1962). It is clear that amendment of the § 1983 and ADA claims contained in Owens's complaint would have been futile because the judges, attorney general, and assistant attorney general are immune from suit for their conduct. *See Stump v. Sparkman,* 435 U.S. 349, 356–62, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) (holding that a state court judge is absolutely immune from suit for judicial acts in proceedings within the judge's jurisdiction); *Barrett v. United States,* 798 F.2d 565, 571–73 (2d Cir.1986) (holding that defending government litigators are protected by absolute immunity in the presentation of the government's case to the court or the jury). Moreover, the Eleventh Amendment provides the state with immunity from suit for damages under § 1983. *See Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 120, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). While it is not clear whether Owens's ADA claims can proceed against the state, *see Bd. of Trustees of the Univ. of Ala. v. Garrett,* 531 U.S. 356, 121 S.Ct. 955, 960 n. 1, 148 L.Ed.2d 866 (2001) (noting that the Court expressly declines to consider whether suits for money damages in federal court against states under Title II of the ADA are barred by the Eleventh Amendment), resolution of this appeal does not require that this Court address this issue. Because Owens's complaint shows that he was afforded access to the courts and that his Article 78 proceeding was fully litigated, his ADA claims are meritless.

In a summary order issued by this Court on March 2, 2001, Owens was warned that future frivolous appeals might result in the imposition of "leave to file" sanctions. *See Owens v. McCall,* 5 Fed. Apx. 15 (2d Cir.2001). At the time that summary order was issued, this appeal was pending in this court, and, therefore, this Court's warning was not applied to this appeal because it was pending as of the date the summary order containing the warning was issued. Owens is once again warned that if he files any further frivolous appeals, he may be sanctioned. The sanctions may include an order barring him from making any further filings in this court without first receiving the court's permission.

We have carefully considered plaintiffs' remaining arguments and find them to be without merit. For the reasons discussed, the judgment of the district court is hereby AFFIRMED.