Alonzo Spencer OWENS,
Plaintiff–Appellant,

v.

Walter SHIELDS, Board Panel Member, Robert J. Madigan, Board Panel Member, Carl G. McManu, Board Panel Member, Raymond C. Green, B. Silverstein, Defendants,

State of New York Worker's Compensation Board, State Insurance Fund, the State of New York, Defendants–Appellees.

Docket No. 01–9401.

United States Court of Appeals,
Second Circuit.

May 15, 2002.

Alonzo Spencer Owens, New York, NY, pro se.

David Axinn, Assistant Solicitor General (Michael S. Belohlavek, Deputy Solicitor General), New York, NY, for Eliot Spitzer, Attorney General of the State of New York, New York, NY, for Defendants–Appellees.

Present VAN GRAAFEILAND, MESKILL and B.D. PARKER, Jr., Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and hereby is AFFIRMED.

Plaintiff-appellant Alonzo Spencer Owens, *pro se*, appeals from a judgment of the United States District Court for the Eastern District of New York (Joanna Seybert, *Judge*), dismissing his Complaint with prejudice. On May 12, 2000, Owens filed suit against the State of New York's Compensation Board, various panel members, the State Insurance Fund, the State of New York, and several other individuals. The Complaint consisted of fifty-nine handwritten pages and ninety-three exhibits, including administrative determinations, correspondences, judicial decisions, statutes, and regulations. Upon being granted leave by the District Court, Owens filed a supplemental pleading to which he annexed thirty-eight additional exhibits. The District Court granted the Defendants' motion to dismiss on the basis of Eleventh Amendment immunity and Owens' failure to comply with Federal Rule of Civil Procedure 8. The District Court denied Isaac leave to amend the Complaint, concluding that, in light of Isaac's repeated inability to comply with Rule 8, amendment would be futile.

We review the District Court's dismissal *de novo*, accepting all the factual allegations in the Complaint as true and drawing all reasonable inferences in Isaac's favor. *See Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir.2002). As an initial matter, we affirm the District Court's dismissal of claims against the State Defendants because any claims against these individuals would be precluded by the Eleventh Amendment. "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trs. of the Univ. of Ala. v. Garrett,* 531 U.S. 356, 363, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001). This immunity extends to state officers who are acting on behalf of the state where the state is the "real, substantial party in interest." *Huang v. Johnson,* 251 F.3d 65, 69–70 (2d Cir.2001) (internal citations omitted).

We also agree that the Complaint failed to comply with Federal Rule of Civil Procedure 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.Civ.P. 8(a)(2). If a complaint is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised," the district court may dismiss the complaint. *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir.1988). Mindful of our well-established rule of construing the pleadings of *pro se* litigants liberally, *Simmons v. Abruzzo,* 49 F.3d 83, 87 (2d Cir.1995), we nonetheless find Owens' Complaint to be unintelligible. Even after repeatedly reading the Complaint with care, we still cannot determine exactly what Owens alleges. As the District Court reasoned, the facts that the Complaint names the Workers Compensation Board and panel members as defendants and makes sporadic references to cash disability benefits suggest that Owens seeks damages for loss of disability benefits attributable to the Defendants. Dismissal thus was appropriate because of Owens' failure to make a "short and plain" statement of his claim.

The District Court also correctly refused to grant Owens leave to amend the Complaint. Although leave to amend should be "freely given when justice so requires,"

Fed.R.Civ.P. 15(a), a district court need not grant leave if amendment would be futile, *Forman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 55 (2d Cir.1995). In light of Owens' unintelligible Complaint, along with his history of incoherent and frivolous filings, granting leave to amend would have been futile. Moreover, even though we treat Owens Complaint with special leniency given his *pro se* status, our reading of the Complaint leads us to conclude that it is frivolous and gives no indication that a valid claim might in the future be stated. *Cf. Branum v. Clark*, 927 F.2d 698, 705 (2d Cir.1991) ("A *pro se* complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.").

Owens' previous filings have been the subject of criticism by this Court. In a summary order issued by this Court on March 2, 2001, we admonished Owens that "further filings of frivolous appeals in this Court may result in the imposition of leave to file sanctions." *Owens v. McCall*, No. 00–7636, 2001 WL 209871, *1 (2d Cir. Mar.2, 2001). At the time this warning was issued, Owens had four appeals pending in this Court, specifically, *Owens v. Shamenek*, No. 00–7861 (2d Cir. filed July 18, 2000); *Owens v. State of New York Attorney Gen.*, No. 00–9047 (2d Cir. filed Aug. 23, 2000); *Owens v. Dep't of Law*, No. 00–9518 (2d Cir. filed Nov. 29, 2000); and *Owens v. State of New York Workers Comp. Bd.*, No. 01–7120 (2d Cir. filed Feb. 2, 2001). On May 31, 2001, upon disposition of one of these appeals, we reminded Owens that the our prior warning would apply to any subsequent appeals. *Owens v. The State of New York Atty. Gen.*, 10 Fed. Appx. 34, 36 (2d Cir.2001). Despite these warnings, Owens has since filed two

appeals, including the frivolous appeal currently before this panel. *Owens v. State of New York Worker's Comp. Bd.*, No. 01–9401 (2d Cir. filed Dec. 4, 2001) (present appeal); *see Owens v. Presbyterian Hosp.*, No. 02–7216 (2d Cir. filed Mar. 1, 2002) (awaiting scheduling order governing briefing).

It is patently clear to us that Owens will continue to file frivolous appeals in this Court unless "leave to file" sanctions are imposed. *See In re Martin–Trigona*, 9 F.3d 226, 228–29 (2d Cir.1993); *see also McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988) ("[A]ll litigants, including pro ses, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions."). Accordingly, it is hereby ORDERED that (1) Owens is enjoined from any further filings in this Court, except an appeal relating to this Order, without first obtaining from the Chief Judge leave to file; (2) the Clerk is directed to return to Owens unfiled, any filing unaccompanied by an application seeking leave of the Chief Judge to file; (3) if the Chief Judge grants Owens leave to file, the subsequent filings shall be filed and processed in the normal course; (4) if leave to file is denied, the filing shall be returned to Owens unfiled, and the Clerk shall maintain a record of the receipt and return of the filing. *See In re Sassower*, 20 F.3d 42, 45 (2d Cir.1994).

We find any remaining contentions in this appeal to be without merit. Accordingly, the judgment of the District Court is hereby AFFIRMED.