NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ALONZO SPENCER OWENS,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2024-1883

---

Appeal from the United States Court of Federal Claims in No. 1:23-cv-00314-RTH, Judge Ryan T. Holte.

---

Decided:  December 13, 2024

---

ALONZO SPENCER OWENS, New York, NY, pro se.

MILES JARRAD WRIGHT, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by BRIAN M. BOYNTON, LISA LEFANTE DONAHUE, PATRICIA M. MCCARTHY.

---

Before LOURIE, REYNA, and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

Alonzo Spencer Owens appeals pro se the United States Court of Federal Claims' order dismissing his complaint for lack of subject matter jurisdiction. We affirm.

## BACKGROUND

Mr. Owens has a history of filing frivolous appeals with the United States Court of Appeals for the Second Circuit. *Owens v. Shields*, 34 F. App'x 33, 35 (2d Cir. 2002). In 2002, the Second Circuit imposed sanctions on Mr. Owens that enjoined him from any further filings before the court without first obtaining leave to file. *Id.* Mr. Owens later moved for leave to file an appeal in 2015. SAppx99.[1] The Second Circuit clerk denied the motion because the proposed filing continued Mr. Owens's "pattern of vexatious filings." SAppx99. Soon after, Mr. Owens filed a claim with the United States Department of Justice ("DOJ"), Civil Division, Federal Tort Claim Act Office, alleging wrongful acts by an employee of the New York State Comptroller and Local Retirement System. SAppx84. In 2017, the Director of the DOJ Tort Branch sent a letter denying Mr. Owens's claim. SAppx84 ("DOJ Letter").

In 2023, Mr. Owens filed a complaint in the Court of Federal Claims related to both the Second Circuit's denial of leave to file an appeal and the DOJ Letter. SAppx9–34.

In 2024, the Court of Federal Claims dismissed Mr. Owens's complaint for lack of subject matter jurisdiction. SAppx1–8. The Court of Federal Claims found the complaint mostly contained "unintelligible" claims against the Second Circuit denial and the DOJ Letter. SAppx4.

---

[1] "SAppx" refers to the supplemental appendix accompanying the Appellee's responding brief.

From these claims, the Court of Federal Claims discerned several claims alleging violation of the Due Process and Equal Protection clauses. *Id.* The court decided such claims do not mandate payment of money and thus fall outside the court's jurisdiction. *Id.* (citing *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013)). The court then characterized Mr. Owens's remaining claims as alleging "takings" for which Mr. Owens was owed just compensation under the Fifth Amendment. *Id.* Specifically, the Court of Federal Claims characterized Mr. Owens's claims as alleging that two actions were takings: the Second Circuit order denying Mr. Owens's appeal and the DOJ Letter. SAppx4–8.

The Court of Federal Claims first addressed Mr. Owens's claim that the Second Circuit order denying his proposed appeal was a taking. SAppx4–7. The Court of Federal Claims determined there is no legal support for Mr. Owens's assertion that judicially imposed sanctions are takings. SAppx6. Further, the court determined it cannot review decisions of an Article III court. SAppx5–6 (citing *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994)).

Next, the Court of Federal Claims addressed Mr. Owens's two takings claims, to the extent they were directed to certain individuals: the Second Circuit clerk, the New York employee, or the DOJ Director. SAppx6; SAppx8. The Court of Federal Claims determined the Tucker Act does not grant it jurisdiction over suits against individual federal or state officials. SAppx6 (citing *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) and 28 U.S.C. § 1491(a)); SAppx8 (citing *United States v. Sherwood*, 312 U.S. 584, 588 (1941) and *Brown*, 105 F.3d at 624).

Lastly, the court determined Mr. Owens filed his complaint after the deadlines of the relevant statutes of limitations. SAppx6–7. Claims within the Court of Federal Claims' jurisdiction must be filed within six years

after a claim first accrues, and tort claims against the United States must be filed within six months of notice of agency action. 28 U.S.C. §§ 2501, 2401. Here, Mr. Owens's complaint was filed with the Court of Federal Claims on February 27, 2023, well beyond the six-year and six-month statutory deadlines. SAppx9–34. As such, the court found that it lacks jurisdiction. SAppx6–7.

Mr. Owens timely appeals, and we have jurisdiction under 28 U.S.C. § 1295(a)(3).

### DISCUSSION

"We review de novo a grant or denial of a motion to dismiss for lack of jurisdiction." *Hopi Tribe v. United States*, 782 F.3d 662, 666 (Fed. Cir. 2015) (citation omitted). Moreover, a "plaintiff bears the burden of establishing subject-matter jurisdiction by a preponderance of the evidence." *Inter-Tribal Council of Arizona, Inc. v. United States*, 956 F.3d 1328, 1337–38 (Fed. Cir. 2020) (citation omitted). A "*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Still, pro se plaintiffs are bound to jurisdictional requirements. *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

Mr. Owens raises no new issues on appeal. He mainly reiterates arguments from his complaint below related to due process and takings. Appellant Informal Br. 1; Appellant Informal Reply Br. 1, 4.

We agree with the Court of Federal Claims that it lacks jurisdiction under the Tucker Act over claims under the Due Process and Equal Protection clauses because those clauses are not money-mandating. SAppx4; *see Smith*, 709 F.3d at 1116. We also agree with the Court of Federal Claims that it lacks subject matter jurisdiction over Mr. Owens's takings claims against the Second Circuit because the Court of Federal Claims may not review the actions of

Article III courts.  SAppx6; *see Joshua*, 17 F.3d at 380.  Likewise, the Court of Federal Claims properly found that it lacked jurisdiction over the takings claims against individual federal employees.  SAppx6; *see Brown*, 105 F.3d at 624.  The Court of Federal Claims was correct to find that it lacked jurisdiction over Mr. Owens's claim against the DOJ for denying his Federal Tort Claims Act claim.  SAppx7; *see* 28 U.S.C. § 1491(a)(1) (the Court of Federal Claims may not "render judgment upon any claim against the United States . . . sounding in tort.").  Thus, the Court of Federal Claims properly found that it lacked jurisdiction over all claims of Mr. Owens's complaint.

We also agree that Mr. Owens's complaint was filed after relevant statutory deadlines had run.  28 U.S.C. §§ 2401, 2501.  Mr. Owens has not identified and nor do we discern any error in the court's decision to dismiss his complaint.

## CONCLUSION

We have considered Mr. Owens's remaining arguments and find them unpersuasive.  For the reasons stated, we affirm the Court of Federal Claims' dismissal of Mr. Owens's complaint for lack of jurisdiction.

**AFFIRMED**