20 F.3d 42
 In re George SASSOWER.
 No. 94-8509.
 
 Judicial Council of the Second Circuit.
 March 10, 1994.
 Before: NEWMAN, Chief Judge, KEARSE, WINTER, MINER, ALTIMARI, MAHONEY, and WALKER, Circuit Judges, and GRIESA, PLATT, CABRANES, TELESCA, McAVOY, and PARKER, Chief District Judges.
 JON O. NEWMAN, Chief Judge:
 
 
 1
 This opinion and order are issued by the Judicial Council of the Second Circuit, acting pursuant to Rule 19A of the "Rules of the Judicial Council of the Second Circuit Governing Complaints Against Judicial Officers Under 28 U.S.C. Sec. 372(c)." Rule 19A, applicable to complainants who abuse the complaint procedure, authorizes the Council, after affording a complainant an opportunity to respond in writing, to "restrict or impose conditions upon the complainant's use of the complaint procedure."[1]
 
 
 2
 On September 27, 1993, George Sassower was ordered to show cause in a written submission, to be filed within 20 days, why an order should not be entered barring him from filing any subsequent judicial misconduct complaints in this Court or any documents related to such complaints, without first obtaining leave to file. The show cause order was issued in connection with the dismissal of two judicial misconduct complaints filed by George Sassower, Nos. 93-8528, 93-8529. The show cause order was prompted by Sassower's pattern of filing frivolous and vexatious judicial misconduct complaints. Since 1987, including complaints filed since the show cause order, he has filed 16 judicial misconduct complaints with the Chief Judge of this Circuit, 15 of them since 1990, and 8 of them in 1993 alone. Each complaint acted upon as of the date of the show cause order had been dismissed, in most instances because the allegations were frivolous.
 
 
 3
 Sassower responded on October 14, 1993. The response contends that only a "minimal" number of decisions have been rendered on Sassower's prior judicial misconduct complaints and that there has not been an "undue burden on the court."[2] Sassower demonstrates no awareness of the frivolous and vexatious nature of his prior complaints, a circumstance that indicates the likelihood that such abuse of the complaint procedure will continue unless some protective procedures are instituted.
 
 
 4
 With respect to civil litigation, courts have recognized that the normal opportunity to initiate lawsuits may be limited once a litigant has demonstrated a clear pattern of abusing the litigation process by filing vexatious and frivolous complaints. Among the restrictions imposed have been prohibiting the filing of any matters in a designated category, see, e.g., Villar v. Crowley Maritime Corp., 990 F.2d 1489 (5th Cir.1993), cert. denied, --- U.S. ----, 114 S.Ct. 690, 126 L.Ed.2d 658 (1994); Demos v. U.S. District Court for the Eastern District of Washington, 925 F.2d 1160 (9th Cir.), cert. denied, 498 U.S. 1123, 111 S.Ct. 1082, 112 L.Ed.2d 1186 (1991); requiring leave of court for future filings, see, e.g., In re Burnley, 988 F.2d 1 (4th Cir.1992); Cofield v. Alabama Public Service Commission, 936 F.2d 512 (11th Cir.1991); and limiting in forma pauperis status, see, e.g., In re Sassower, --- U.S. ----, 114 S.Ct. 2, 126 L.Ed.2d 6 (1993); Demos v. Storrie, --- U.S. ----, 113 S.Ct. 1231, 122 L.Ed.2d 636 (1993). A "leave of court" requirement or other restrictions have been imposed upon Sassower by the Court of Appeals for the Second Circuit, Sassower v. Mahoney, No. 88-6203, 1987 WL 26596 (2d Cir. Dec. 3, 1990), the District Court for the Eastern District of New York, In re Sassower, 700 F.Supp. 100 (E.D.N.Y.1988), and the District Court for the Southern District of New York, United States f/b/o Sassower v. Sapir, 87 Civ. 7135, 1987 WL 26596 (S.D.N.Y. Nov. 18, 1987); Raffe v. Doe, 619 F.Supp. 891 (S.D.N.Y.1985); see also In re Martin-Trigona, 9 F.3d 226 (2d Cir.1993) (explaining "leave of court" procedures applicable to Sassower and another sanctioned litigant in the Court of Appeals).
 
 
 5
 In other circuits, restrictions have also been imposed with respect to initiation of judicial misconduct complaints pursuant to 28 U.S.C. Sec. 372(c). In the First Circuit, an order has been entered by the Judicial Council directing that complaints filed by a vexatious complainant, if found by the Chief Judge to be repetitious of earlier filings or to request relief clearly outside of the ambit of 28 U.S.C. Sec. 372(c), will not be processed as judicial misconduct complaints unless the Chief Judge so directs. In re Rudnicki, 1st Cir. Judicial Council, Nov. 4, 1985. In the Third Circuit, an order has been entered by the Judicial Council prohibiting a vexatious complainant from filing repetitive and frivolous judicial misconduct complaints. In re Silo, 3d Cir. Judicial Council, May 4, 1984. In the Fifth Circuit, an order has been entered by a circuit judge prohibiting a vexatious complainant from filing further judicial misconduct complaints without permission to file having been obtained from a member of the Judicial Council. In re McAfee, Order of Judge Gee, 5th Cir., Nov. 20, 1990.
 
 
 6
 We conclude that, just as those who abuse the normal processes of litigation may be restricted in their opportunity to initiate new lawsuits, those who abuse the judicial misconduct complaint procedure may also be restricted in their opportunity to initiate new misconduct complaints. We also conclude that a "leave to file" requirement, foreclosing the filing and normal processing of a misconduct complaint unless leave to file has first been obtained from the Chief Judge, is the appropriate first level of sanction to be imposed on a person who abuses the misconduct procedure by filing a series of frivolous and vexatious complaints. The integrity of the misconduct complaint procedure, a matter of importance to all persons with a legitimate basis for making a complaint within the scope of 28 U.S.C. Sec. 372(c), will best be maintained by imposing a "leave to file" restriction on those who abuse this procedure.
 
 
 7
 We also conclude that the pattern of frivolous and vexatious misconduct complaints filed by Sassower merits the imposition of a "leave to file" requirement upon him. Not only have his complaints been regularly dismissed as frivolous or plainly related to the merits of litigation, but he has also pursued the technique of other vexatious litigants of launching new complaints against judicial officers for their actions in dismissing his prior complaints. Sassower employed that tactic against two former Chief Judges of this Circuit. Moreover, prior dismissal orders have repeatedly included warnings that filing additional frivolous misconduct complaints risked the imposition of restrictions.
 
 
 8
 Accordingly, it is hereby Ordered that George Sassower shall not file any subsequent judicial misconduct complaints in this Court or any document related to such judicial misconduct complaints without first obtaining from the Chief Judge leave to file, and the Clerk is directed to return to Sassower, unfiled, any judicial misconduct complaint or document related thereto submitted by Sassower that is not accompanied by an application seeking leave of the Chief Judge to file. If leave to file is granted, the complaint shall be filed and processed in the normal course; if leave to file is denied, the complaint shall be returned to the complainant unfiled, in which event the Clerk shall maintain an appropriate record of the receipt and return of the complaint.
 
 
 
 [1]
 Rule 19A provides:
 Abuse of the Complaint Procedure
 If a complainant files vexatious, harassing, or scurrilous complaints, or otherwise abuses the complaint procedure, the council, after affording the complainant an opportunity to respond in writing, may restrict or impose conditions upon the complainant's use of the complaint procedure. Any restrictions or conditions imposed upon a complainant shall be reconsidered by the council periodically.
 
 
 [2]
 The response also endeavors to repeat the contention, advanced by Sassower in prior submissions, that various judges, including the writer, have improperly received representation by the United States in litigation Sassower has brought against various defendants, including judicial officers. He continues to labor under the misguided impression that such representation was improper for lack of a "scope" certification. Under 28 U.S.C. Sec. 2679(d), the Attorney General is authorized to certify that an employee of the United States, sued under certain circumstances, was "acting within the scope of his office or employment at the time of the incident out of which the claim arose," in which event the United States is substituted as the party defendant. This authority of the Attorney General to substitute the United States as a defendant in lieu of an employee has nothing to do with the authority of the United States Department of Justice to conduct litigation in which an officer of the United States is a party. See 28 U.S.C. Sec. 516; see also 28 U.S.C. Secs. 519, 547. Each Chief Judge, including the writer, has recused himself in all judicial misconduct complaints in which Sassower has alleged improper representation by the Department of Justice in providing representation to a Chief Judge