101 F.3d 683
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Melvin P. DEUTSCH, Plaintiff-Appellant,
v.
UNITED STATES of America, Courtena A. Druker, U.S.
Department of Justice, F.B.I., Frank H.
Easterbrook, Mark S. Cohen, Alan
Bergman, Westlaw Publishing
Company, Defendants-Appellees.
 Nos. 95-2565, 95-2566, 95-2567, 95-6208, 95-6209.
 United States Court of Appeals, Second Circuit.
 April 30, 1996.
 
 APPEARING FOR APPELLANT: Melvin P. Deutsch, Otisville, New York, pro se.
 APPEARING FOR APPELLEE: Tanya Y. Hill, Assistant United States Attorney for the Eastern District of New York, Brooklyn, New York, for the United States.
 E.D.N.Y.
 AFFIRMED.
 Before LUMBARD, VAN GRAAFEILAND and MAHONEY, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was submitted.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.
 
 
 3
 1. Petitioner-appellant Melvin P. Deutsch appeals from an order of the United States District Court for the Eastern District of New York entered August 4, 1995 that dismissed four civil complaints and two 28 U.S.C. § 2255 motions filed by Deutsch, and enjoined Deutsch from filing any further papers, proceedings, motions, or new cases of any kind in the United States District Court for the Eastern District of New York without obtaining prior leave of that court.
 
 
 4
 2. The claims against defendants-appellees Judge Easterbrook, Assistant United States Attorney Mark Cohen, Westlaw Publishing Company ("Westlaw"), and Special Agent Alan Bergman are patently frivolous. Judge Easterbrook has absolute immunity from suit for judicial opinions that he writes. See Pierson v. Ray, 386 U.S. 547, 553-55 (1967); Austern v. Chicago Bd. Options Exchange, Inc., 898 F.2d 882, 885 (2d Cir.), cert. denied, 498 U.S. 850 (1990). Westlaw is not required to obtain Deutsch's consent before printing opinions issued by the courts of law concerning him. Former AUSA Cohen was simply acting within the scope of his authority as an advocate when he cited cases concerning Deutsch in court, and thus enjoyed absolute immunity. See Buckley v. Fitzsimmons, 113 S.Ct. 2606, 2615 (1993). Regarding Deutsch's claim that Agent Bergman conducted an illegal search of his home, on the appeal from Deutsch's first conviction, this Court specifically affirmed the district court's finding that Deutsch had consented to the search of his home. United States v. Deutsch, 987 F.2d 878, 883 (2d Cir.1993).
 
 
 5
 3. Deutsch's complaint that the FBI refuses to return his property despite a court order is frivolous. This claim has already been rejected by this Court on Deutsch's direct appeal. In addition, this court recently affirmed the denial of yet another claim for the return of Deutsch's property. See United States v. Deutsch, Nos. 95-1187, 95-2050, 95-2195, 1995 WL 732670 (2d Cir. Dec. 8, 1995). Deutsch's remaining claims are either meritless or procedurally barred, or both.
 
 
 6
 4. Based on Deutsch's litigious history, the district court properly required that Deutsch seek prior leave for any future filings. See 28 U.S.C. § 1651; In re Sassower, 20 F.3d 42, 44 (2d Cir.1994); In re Martin-Trigona, 9 F.3d 226, 228 (2d Cir.1993); In re Hartford Textile Corp (Shuffman v. Hartford Textile Corp.), 681 F.2d 895, 897 (2d Cir.1982) (per curiam), cert. denied, 459 U.S. 1206 (1983).
 
 
 7
 5. Finally, we note that the government's request that this Court sanction Deutsch is moot because a panel of this Court sanctioned Deutsch on April 10, 1996. See In re Deutsch, No. 96-3024 (2d Cir. Apr. 10, 1996) (directing the Clerk of the Court to "refuse to accept for filing any further submissions from [Deutsch] unless he first obtains leave of the Court to file such papers").