Alonzo Spencer OWENS,
Plaintiff–Appellant,

v.

H. Carl McCALL, as N.Y. State Comptroller of New York State & Local Employees Retirement System, So Acting In Personal Individual Capacity, Kathleen A. Nowak, Assistant Director, Retirement Services—Disability Processing, Acting in Personal Individual Capacity For the N.Y. State & Local Employees Retirement System, The State of New York, Defendants–Appellees.

No. 00–7636.

United States Court of Appeals,
Second Circuit.

March 2, 2001.

Alonzo Spencer Owens, pro se.

Clement J. Colucci, Assistant Attorney General of the State of New York; Robert A. Forte, Deputy Solicitor General of the State of New York, of counsel, on the brief, for Eliot Spitzer, Attorney General of the State of New York, New York, NY, for appellee.

Present SACK, SOTOMAYOR, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be, and it hereby is, AFFIRMED.

The plaintiff Alonzo Spencer Owens appeals *pro se* from a judgment of the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *Judge*) dismissing his complaint pursuant to Fed.R.Civ.P. 8(a). We affirm.

■ We review a district court's dismissal under Rule 8 for abuse of discretion. *See Kittay v. Kornstein,* 230 F.3d 531, 541 (2d Cir.2000). Rule 8 requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Dismissal under this rule is appropriate in "those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir. 1988).

■ The district court did not abuse its discretion in dismissing Owens' complaint. Although a complaint filed by a *pro se* litigant is to be liberally construed in his favor, *see Simmons v. Abruzzo,* 49 F.3d 83, 87 (2d Cir.1995), we are no more able than the district court to determine—even under such a liberal construction—the true substance of the plaintiff's claims. Dismissal was therefore appropriate.

■ In addition, we hereby issue notice to Owens that further filing of frivolous appeals in this Court may result in the imposition of leave to file sanctions. Such a measure is appropriately applied to those litigants who have a "clear pattern of abusing the litigation process by filing vexatious and frivolous complaints." *In re Sassower,* 20 F.3d 42, 44 (2d Cir. Jud. Council 1994). Through more than 15 filings in this Circuit, Owens has demonstrated such a pattern. *See, e.g., Owens v. McCall,* No. 99–CV–534 (S.D.N.Y. April 17, 2000) (dismissed pursuant to Rule 8); *Owens v. New York,* No. 99–CV–8674 (S.D.N.Y. June 30, 2000) (dismissed pursuant to Rule 8 and Rule 12(b)(6)), No. 00–9047, 2001 WL 604938 (appeal pending); *Owens v. Shamenek,* No. 99–CV–1074 (E.D.N.Y. May 31, 2000) (defendant's motion to dismiss granted), No. 00–7861, 2001 WL 178516 (appeal pending).

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED and the plaintiff is notified that any future frivolous appeals may result in the imposition of leave to file sanctions.