**Steven C. TRUEMAN, Plaintiff– Appellee,**

v.

**HISTORIC STEAMTUG NEW YORK, Her Engines, Tackle, Furniture, Apparel, etc., In Rem, Defendants,**

**Emre E. Dluhos, Claimant–Appellant.**

No. 00–9439.

United States Court of Appeals, Second Circuit.

July 13, 2001.

Emre E. Dluhos, Belleville, NJ, pro se.

Richard J. Reisert, Dean W. Steele, Of Counsel, Clark, Atcheson & Reisert, New York, NY, for appellee.

Present WALKER, Chief Judge, CABRANES and STRAUB, Circuit Judges.

### SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, AD-JUDGED AND DECREED that the appeal be and it hereby is DISMISSED.

Emre Dluhos appeals from an October 23, 2000 judgment of the United States District Court for the Northern District of New York (Lawrence E. Kahn, *Judge*) granting plaintiff-appellee Steven Trueman's motion for reconsideration and establishing his title to the Historic Steamtug *New York*, pursuant to the Abandoned Shipwreck Act, 43 U.S.C. § 2105(a)(3). Dluhos was not a party to the action below. This is Dluhos's third appeal in this court, in which he claims ownership in the *New York*, an iron steam tugboat built in 1896.

Dluhos first filed suit *in rem* under admiralty jurisdiction to assert title to the *New York*. In *Dluhos v. Floating and Abandoned Vessel, Known as "New York"*, 162 F.3d 63 (2d Cir.1998) ("*Dluhos I*") we

concluded that the district court properly declined to "arrest" the vessel because Dluhos failed to post the necessary bond. Thus, we determined that because arrest was a required precondition to the action, the district court lacked *in rem* jurisdiction over the vessel. We affirmed the district court's denial of Dluhos's motion to amend his complaint to assert diversity jurisdiction as an alternative basis for the action. We held that the nature of Dluhos's action was exclusive to admiralty jurisdiction, and that even if it were cognizable in diversity the court would have had to apply the substantive law of admiralty, which "carries with it a legal fiction that a vessel may not be abandoned. Because a successful claim under the law of finds requires that the found property be abandoned, the fiction of nonabandonment dictates that Mr. Dluhos's claim must fail." *Dluhos I,* 162 F.3d at 70.

In Dluhos's second action commenced in 1999, Dluhos sued Steven Trueman (the plaintiff here) in diversity, as the "owner" seeking the "immediate return and possession of [Dluhos's] property," the *New York.* Dluhos characterized the action as a diversity suit under the common-law doctrines of "replevin" "detinue" and "conversion." The district court denied Dluhos's claim, which it construed as sounding in admiralty, on the basis that it sought the same *in rem* relief as in *Dluhos I.* We dismissed Dluhos's appeal as frivolous because to the extent that "appellant had the opportunity in a prior proceeding to raise the claims he is now asserting, his complaint is barred by res judicata.". *See Dluhos v. Trueman,* No. 99–9518 (2d Cir. Oct. 20, 2000) ("*Dluhos II* ").

In the case now on appeal, the plaintiff Steven Trueman commenced an *in rem* action seeking a declaration of legal title to the *New York.* Trueman's claim was based on a contract with the State of New York awarding him "any interest" the State had in the vessel in exchange for his restoring and towing it from the Erie Canal. Initially the district court rejected his claim, but on Trueman's motion for reconsideration, the district court found that (1) the State of New York had legal title to the vessel as "abandoned property" under the Abandoned Shipwreck Act of 1987, 43 U.S.C. § 2105(a)(3); (2) the State properly transferred legal title to Trueman as part of the towing agreement; and therefore (3) Trueman had legal title to the *New York.* Dluhos continues to assert that he is the ship's true owner, but did not move formally to intervene in the district court. He now "appeals" from the district court's judgment, claiming principally that the State of New York never gained title over the *New York* because the ship could not have been "abandoned."

■■■ Nonparties do not have standing to appeal an order of the district court. *See United States v. International Bhd. of Teamsters,* 931 F.2d 177, 183 (2d Cir.1991). An exception to this general rule permits a nonparty to appeal "when the nonparty has an interest that is affected by the trial court's judgment." *Id.* (internal quotation marks omitted). However, this exception does not apply where Dluhos's claims of ownership were litigated and determined in *Dluhos I* and he thus has no cognizable interest in the outcome. *See Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). Res judicata bars litigation even of claims that are predicated on new legal theories. *See L–Tec Elecs. Corp. v. Cougar Elec. Org.,* 198 F.3d 85, 88 (2d Cir.1999) (per curiam). We conclusively determined Dluhos's lack of ownership interest in the *New York* when we held that a motion to amend his complaint to allege diversity jurisdiction would have been futile in *Dluhos I.*

■■■ In addition, we hereby serve notice to Dluhos that further filing of suits and appeals in connection with the ownership

of the *New York* may result in the imposition of sanctions, including (in this Court) the imposition of a requirement that he obtain leave of court prior to the filing or acceptance of any appeal by him. Such sanctions are appropriately applied to those litigants who have a "clear pattern of abusing the litigation process by filing vexatious and frivolous complaints." *In re Sassower*, 20 F.3d 42, 44 (2d Cir. Jud. Council 1994). Dluhos has demonstrated this through his previous and current frivolous appeals.

We have considered Dluhos's remaining arguments and find them to be without merit. For the reasons set forth above, the appeal is hereby dismissed.