SUMMARY ORDER

In this case, appellant Isaac Silverman, pro se, appeals the district court’s denial of his motion pursuant to Fed.R.Civ.P. 60(b) raising claims of fraud on the court that already were disposed of in prior actions challenging the 1981 denial of his discharge in bankruptcy. The parties’ familiarity with the facts is assumed.
This Court reviews for an abuse of discretion the district court’s denial of a Rule 60(b) motion for reconsideration. Transaero, Inc. v. La Fuerza Aerea Boliviana, 162 F.3d 724, 729 (2d Cir.1998). Although the filing of a Rule 60(b) motion within ten days of the entry of judgment extends a party’s time to appeal that underlying judgment until after a disposition of the motion, no such extension of time is granted where, as here, the 60(b) motion is filed beyond the ten-day deadline. See Cody, Inc. v. Town of Woodbury, 179 F.3d 52, 56 (2d Cir.1999). Thus, this Court has jurisdiction to consider only the question of whether Silverman’s May 2003 60(b) motion was properly disposed of, not to examine the underlying judgment in S.D.N.Y. No 99-CV-8857. Id.; see also Cent. Vt. Pub. Serv. Corp. v. Herbert, 341 F.3d 186, 190 (2d Cir.2003) (“Because final judgments should not be lightly reopened, Rule 60(b) may not be used as a substitute for timely appeal.”) (citation and internal quotations omitted); Branum v. Clark, 927 F.2d 698, 704 (2d Cir.1991) (“An appeal from an order denying a Rule 60(b) motion brings up for review only the denial of the motion and not the merits of the underlying judgment for errors that could have been asserted on direct appeal.”).
The district court did not abuse its discretion by prohibiting Silverman from filing or docketing his May 2003 60(b) motion, and, thus, by effectively denying the motion. Rule 60(b) provides, in relevant part, that “the court may relieve a party ... from a final judgment, order, or proceeding for ... (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); [or] (3) fraud ..., misrepresentation, or other conduct of an adverse party ... [so long as] [t]he motion [is made] within a reasonable time, and ... not more than one year after the judgment, order, or proceeding was entered or taken.” Fed.R.Civ.P. 60(b). To the extent that Silverman’s Rule 60(b) motion, filed almost three years after the entry of judgment in S.D.N.Y. No. 99-CV-8857, is a motion pursuant to 60(b)(2) and 60(b)(3), the motion is untimely, filed well beyond the one-year deadline set forth in the rule. See Fed.R.Civ.P. 60(b). Even if his motion were timely, Silverman has failed to satisfy the requirements of the rule. He has provided no new evidence *29 that has been discovered since the August 2000 dismissal of his complaint in S.D.N.Y. No. 99-CV-8857, which complaint included the same allegations of fraud on the court as in his 60(b) motion and was dismissed as violating a prior court order, see Fed. R.Civ.P. 60(b)(2); nor has he alleged any fraud in connection with the proceedings leading to the dismissal of that complaint, see Fed.R.Civ.P. 60(b)(3). Rather, Silver-man simply has recycled his claims of fraud on the court with respect to the decades-old bankruptcy proceedings that led to the denial of his discharge, which claims have been rejected by numerous courts, including this Court, and which were also included in a nearly identical October 2002 60(b) motion denied by a district court order from which Silverman did not appeal. Because it is evident that Silverman’s 60(b) motion attempted impermissibly to relitigate issues already disposed of several times over, including by the underlying judgment in S.D.N.Y. 99-CV-8857, and also violated a prior injunction order by the district court, the court properly determined that the motion should not be filed or docketed, see Transaero, 162 F.3d at 731 (“Res judicata bars litigation of any claim for relief that was available in a prior suit between the same parties or their privies, whether or not the claim was actually litigated.”); Branum, 927 F.2d at 704.[1]
Although this Court already has imposed double costs on Silverman for the repeated filings of his fraud on the court claims and his prior, closely related, frivolous appeal, it appears that neither such sanctions nor a prior injunction against instituting future lawsuits has yet deterred Silverman from continuing to file his stale fraud claims. Nevertheless, in an effort to curb future frivolous filings and to convey to Silverman that we no longer will entertain these fraud claims, we direct that appellees shall recover double costs for this frivolous appeal. Furthermore, (1) Silverman and his family members are enjoined from any further filings in this Court against any of the defendants sued in this action, without first obtaining from the Court leave to file; (2) the Clerk is directed to return to Silverman, and/or any of his family members as the case may be, unfiled, any such filing unaccompanied by an application seeking leave to file; (3) if the Court grants Silverman leave to file, the subsequent filings shall be accepted and processed in the normal course; (4) if leave to file is denied, the filing shall be returned to Silverman, and/or his family members as the case may be, unfiled, and the Clerk shall maintain a record of the receipt and return of the filing. See In re Sassower, 20 F.3d 42, 45 (2d Cir.1994).
Accordingly, the decision of the District Court is AFFIRMED.

. Since filing his notice of appeal, Silverman also has filed in this Court a Rule 60(b) motion and a related motion alleging the appellees’ fraud on the court in connection with his 1981 bankruptcy proceedings. Because the motions essentially repeat the same allegations of fraud that have been considered and rejected by several courts, the motions are denied.