Anthony D. AMAKER, Plaintiff–Appellant,

v.

Deputy Superintendent Gayle HAPONIK, Deputy George Schneider, Superintendent Christopher Artuz, Sergeant Jose Maldonado, C.O. Brady, C.O. McDonnell, John Doe, Sgt., Defendants–Appellees.

No. 03–0185–PR.

United States Court of Appeals, Second Circuit.

April 13, 2005.

* The Honorable Janet C. Hall, United States District Judge for the District of Connecticut, sitting by designation.

Anthony D. Amaker, Comstock, N.Y. (on submission), for Plaintiff–Appellant, pro se.

Thomas B. Litsky, Assistant Solicitor General, for Eliot Spitzer, Attorney General of the State of New York (Michael S. Belohlavek, Deputy Solicitor General, on the brief) (on submission), for Defendants–Appellees.

PRESENT: CALABRESI, CABRANES Circuit Judges, and HALL, District Judge.*

### SUMMARY ORDER

Plaintiff–Appellant Anthony D. Amaker ("plaintiff" or "Amaker"), *pro se,* brought this action in the United States District Court for the Southern District of New York against several New York State prison officials ("defendants"). He alleged a cavalcade of civil rights and constitutional claims under 42 U.S.C. §§ 1981, 1983, 1985, and 1986. The district court (Koeltl, *J.*) granted defendants' motion for summary judgment and, subsequently, denied Amaker's motion to vacate that judgment pursuant to Fed.R.Civ.P. 60(b)(3) and (6).

We assume that the parties are familiar with the facts, the procedural history, and the scope of the issues presented on appeal, and affirm the district court decision substantially for the reasons it gave. *See Amaker v. Haponik,* No. 98 Civ. 2663, 2002 U.S. Dist. LEXIS 5931, 2002 WL 523385 (S.D.N.Y. Mar. 29, 2002).

We have considered all of Amaker's claims on appeal and find them to be with-

out merit. Accordingly, we AFFIRM the judgment of the district court.

Furthermore, we hereby issue notice to plaintiff that further filing of frivolous appeals in this Court may result in the imposition of leave-to-file sanctions. Such a measure is appropriately applied to those litigants who have a "clear pattern of abusing the litigation process by filing vexatious and frivolous complaints." *In re Sassower,* 20 F.3d 42, 44 (2d Cir. Jud. Council 1994).