Anthony Brian **MALLGREN**, Plaintiff,

v.

**NEW YORK STATE OFFICE OF ATTORNEY GENERAL, NEW YORK CITY and John Does, Defendants.**

No. 14–CV–2187 (MKB).

United States District Court, E.D. New York.

Signed July 25, 2014.

Anthony Brian Mallgren, Staten Island, NY, pro se.

**MEMORANDUM & ORDER**

MARGO K. BRODIE, District Judge:

On March 10, 2013, Plaintiff Anthony Brian Mallgren, proceeding *pro se*, filed the above-captioned action in the United States District Court for the Northern District of New York, where it was docketed as 14–CV–274 (N.D.N.Y.). Plaintiff's request to proceed *in forma pauperis* ("IFP") was received by the Northern District of New York on March 21, 2014. The case was transferred to this Court on April 7, 2014. Plaintiff submitted a Notice to the Northern District of New York, dated May 1, 2014, requesting voluntary dismissal of 14–CV–274 and eighteen other cases filed in that court. (Docket Entry No. 8, "Notice of Voluntary Dismissal.") The voluntary dismissal was received in the Northern District on May 5, 2014, and sent to this Court on the same day. The Court received Plaintiff's voluntary dismissal on May 12, 2014. For the reasons set forth below, the Court grants Plaintiff's voluntary dismissal.

## I. Background

Plaintiff has an extensive history of litigation in this Court. Plaintiff has filed 25 different actions since January 23, 2013.[1]

---

1. *See Mallgren v. New York State, et al.,* No. 14–CV–2187 (pending); *Mallgren v. Burkholder,* No. 14–CV–2188 (pending); *Mallgren v. New York State, et al.,* No. 14–CV–2189 (pending); *Mallgren v. Burkholder,* No. 14–CV–2709 (pending); *Mallgren v. Sindhu,* No. 14–CV2735 (pending); *Mallgren v. Clemuk,* No. 14–CV–2736 (pending); *Mallgren v. Harris,* No. 14–CV–3125 (pending); *Mallgren v. Greene,* No. 14–CV–3635 (pending); *Mallgren v. Cuomo,* No. 14–CV–3773 (pending); *Mallgren v. New York City,* No. 13–CV–724, 2014 WL 988838 (E.D.N.Y. Mar. 12, 2014) (dismissed for failure to state a claim); *Mallgren v. Metro. Transp. Auth.,* No. 13–CV–986, slip op. (E.D.N.Y. Mar. 12, 2014) (transferred to the United States District Court for Connecti-

cut); *Mallgren v. Sprint Nextel Corp.,* No. 13–CV–2477, 2014 WL 977663 (E.D.N.Y. Mar. 12, 2014) (dismissed for lack of subject matter jurisdiction); *Mallgren v. John Doe,* No. 13–CV–2654, slip op. (E.D.N.Y. Mar. 12, 2014) (dismissed for failure to state a claim); *Mallgren v. Marriott Int'l Inc.,* No. 13–CV–2727, slip op. (E.D.N.Y. Mar, 12, 2014) (same); *Mallgren v. Mallgren,* No. 13–CV–2728, slip op. (E.D.N.Y. Mar. 12, 2014) (same); *In re: Anthony Brian Mallgren,* No. 13–CV–3622, slip op. (E.D.N.Y. Mar, 12, 2014) (same); *Mallgren v. Bowery Residents Comm. Inc.,* No. 13–CV–6221, slip op. (E.D.N.Y. Mar, 12, 2014) (dismissed for lack of subject matter jurisdiction and failure to state a claim);

Plaintiff has also filed multiple actions in the United States District Court for the Eastern District of Washington.[2] Plaintiff has filed at least 15 actions in the United States District Court for the Southern Dis-

trict of New York.[3] Plaintiff has filed 20 actions in the United States District Court Northern District of New York since February 28, 2014, in addition to the 3 actions that were filed in the Northern District of

---

*Mallgren v. Am. Psychiatric Ass'n,* No. 13–CV–2211, *Mallgren v. United States,* No. 13–CV–2214, and *Mallgren v. John Doe(s),* No. 13–CV–2215, 2014 WL 978457 (E.D.N.Y. Mar. 11, 2014) (dismissed for failure to state a claim); *Mallgren v. Motion Recruitment Partners Inc., et al.,* No. 13–CV–1054, 2013 WL 1873304 (E.D.N.Y. May 2, 2013) (dismissed for lack of subject matter jurisdiction), *appeal dismissed,* (2d Cir. July 24, 2013); *Mallgren v. John Doe Corporation,* No. 13–CV–1265, 2013 WL 1873319 (E.D.N.Y. May 2, 2013) (dismissed as frivolous and for failure to state a claim), *appeal dismissed,* (2d Cir. July 24, 2013); *Mallgren v. Bloomberg, et al.,* No. 13–CV–1466, 2013 WL 1873334 (E.D.N.Y. May 2, 2013) (same), *appeal dismissed* (2d Cir. July 24, 2013); *Mallgren v. New York City,* No. 13–CV–724, 2013 WL 816236 (E.D.N.Y. Mar. 4, 2013) (dismissed in part, and leave to file an amended complaint granted), *appeal dismissed,* (2d Cir. July 24, 2013); *Mallgren v. Louis Vuitton North America, Inc., et al.,* No. 13–CV–416 (E.D.N.Y. Jan. 30, 2013) (transferred to the United States District Court for the Central District of California and later dismissed, No. 13–CV–706, slip op. (C.D.Cal. Feb. 12, 2013)), *appeal of transfer dismissed,* (2d Cir. Apr. 5, 2013).

2. *See Mallgren v. Clerk's Office,* No. 13–CV–228 (E.D.Wash. July 24, 2013) (dismissed for failure to state a claim); *Mallgren v. American Express,* No. 13–CV–232 (E.D.Wash. July 24, 2013) (dismissed for failure to state a claim), *appeal dismissed,* (9th Cir. August 22, 2013); *Mallgren v. Anzalone, et al.,* No. 13–CV–234 (E.D.Wash. July 24, 2013) (dismissed for failure to state a claim), *appeal dismissed,* (9th Cir. July 11, 2013); *Mallgren v. Wolfe,* No. 13–CV–218 (E.D.Wash. July 11, 2013) (dismissed for failure to state a claim); *Mallgren v. Clerk's Office,* No. 13–CV–210, 2013 WL 3553397, at *2 (E.D.Wash. July 11, 2013) (dismissed for failure to state a claim), *appeal dismissed,* (9th Cir. August 7, 2013); *Mallgren v. New York City,* No. 13–CV–182, 2013 WL 3179567 (E.D.Wash. June 21, 2013) (dismissed for failure to state a claim), *appeal dismissed,* (9th Cir. June 27, 2013); *Mallgren v. Providence Health Services,* 13–CV–180

(E.D. Wash. June 21, 2013) (dismissed as moot claim), *appeal dismissed,* (9th Cir. July 22, 2013); *Mallgren v. Union Gospel Mission,* No. 13–CV–175 (E.D.Wash. May 15, 2013) (dismissed as moot claim), *appeal denied,* (9th Cir. July 10, 2013).

3. *See Mallgren v. New York City,* No. 13–CV–8896 (pending); *Mallgren v. United States of America, et al.,* No. 14–CV–1420 (pending); *Mallgren v. New York Public Library,* No. 14–CV–2916 (pending); *Mallgren v. Greene,* 14–CV–4994 (pending). *Mallgren v. Court Clerk of the New York State Supreme Court of New York County,* No. 14–CV–3185, slip op. (S.D.N.Y. July 11, 2014) (dismissed for failure to comply with filing fee requirement or submit an application to proceed *in forma pauperis* ); *Mallgren v. Goldman Sachs, et al.,* No. 14–CV–1421 (S.D.N.Y. May 19, 2014) (same); *Mallgren v. The Mount Sinai Medical Ctr.,* No. 13–CV–08341 (S.D.N.Y. Feb. 4, 2014) (same); *Mallgren v. Microsoft, et al.,* No. 12–CV–7517, slip op. (S.D.N.Y. Oct. 3, 2013) (dismissed for lack of subject matter jurisdiction and for failure to state a claim), *appeal dismissed,* (2d Cir. Dec. 11, 2013); *Mallgren v. Parties in this petition,* No. 13–CV–3660 (S.D.N.Y. Aug. 1, 2013) (denying petition for discretionary exemption from user access fees for the Court Electronic Records (PACER) system); *Mallgren v. New York Hospital,* No. 13–CV1763 (S.D.N.Y. May 13, 2013) (dismissed for lack of subject matter jurisdiction), *appeal dismissed,* (2d Cir. April 3, 2014); *In Re Anthony Brian Mallgren,* No. 13–CV–1124, slip op. (S.D.N.Y. Mar. 6, 2013) (dismissed for failure to state a claim), *appeal dismissed* (2d Cir. July 30, 2013); *Mallgren v. New York State Supreme Court, et al.,* No. 12–CV–7404, 2013 WL 586857 (S.D.N.Y. Feb. 11, 2013) (dismissed as barred by Eleventh Amendment immunity); *Mallgren v. New York State Supreme Court,* No. 12–CV–7240, slip op. (S.D.N.Y. Nov. 13, 2012) (dismissed for lack of subject matter jurisdiction, for failure to state a claim and because the defendant is immune from suit); *Mallgren v. Intellectual Ventures,* No. 12–CV–7447, slip op. (S.D.N.Y. Nov. 7, 2012) (dismissed for failure to state a claim).

New York and transferred to this Court.[4] Plaintiff has filed suit in the United States District Court for the District of Columbia, purporting to challenge the procedures of the United States Supreme Court.[5] In this action, Plaintiff alleges that he has been "denied the right to a speedy trial and prevented from effectively petitioning the government of the United States for a redress of grievances." (Compl. 2–3.) Plaintiff appears to challenge proceedings related to his arrest and detention at the Rikers Island Correctional Facility. However, a search of public databases for the Unified Court System of the State of New York does not reveal any pending criminal charges against plaintiff. *See* New York State Unified Court System, *WebCrims*, (July 24, 2014, 4:42 pm), https://iapps. courts.state.ny.us/webcrim_attorney/ DefendantSearch.

## II. Discussion

### a. Voluntary Dismissal

In the notice of voluntary dismissal, Plaintiff states that he has "noticed dimin-

ished capacity of mental faculties and would like with [*sic*] request voluntary dismissals for [several cases filed in the Northern District], finding myself not to be a credible party." (Notice of Voluntary Dismissal 1.) He further states that "[t]his occurred after having been treated with psychiatric medication over objection." (*Id.*) On June 6, 2014, the Court received a Motion to Consolidate two Eastern District cases, along with eighteen of the Northern District cases, some of which have already been dismissed or transferred to this Court, including the above-captioned action. (*See* Motion to Consolidate Cases, Docket Entry No. 9 in *Mallgren v. New York State, et al.*, No. 14–CV–2188.) Since Plaintiff filed this voluntary dismissal and motion to consolidate cases, Plaintiff has filed several new actions in this Court. *See Mallgren v. Greene*, No. 14–CV–3635 (filed June 5, 2014) and *Mallgren v. Cuomo*, No. 14–CV–3773 (filed June 12, 2014). It is therefore not entirely clear that Plaintiff intends to and does in

**4.** *See Mallgren v. New York City Police Department, et al.*, No. 14–CV–333 (pending); *Mallgren v. Court Clerk*, 14–CV–595 (N.D.N.Y. May 22, 2014) (administratively closed for failure to comply with filing fee requirement or submit an application to proceed *in forma pauperis* ); *Mallgren v. Burkholder*, 14–CV–515 (N.D.N.Y. May 13, 2014) (same), *appeal pending; Mallgren v. Hashmi*, 14–CV–387 (N.D.N.Y. Apr. 11, 2014) (same); *Mallgren v. Cuomo et al.*, No. 14–CV–276 (N.D.N.Y. Apr. 22, 2014) (transferred to the Southern District of New York); *Mallgren v. Abondolo*, No. 14–CV–381 (N.D.N.Y. Apr. 8, 2014) (administratively closed for failure to comply with filing fee requirement or submit an application to proceed in forma pauperis); *Mallgren v. United States of America et al.*, No. 14–CV–375 (N.D.N.Y. Apr. 8, 2014) (same); *Mallgren v. Gaylore*, No. 14–CV–355 (N.D.N.Y. Apr. 3, 2014) (same), appeal pending; *Mallgren v. Verizon et al.*, No. 14–CV–332 (N.D.N.Y. Apr. 2, 2014) (same); *Mallgren v. South Beach Psychiatric Ctr., et al.*, No. 14–CV–303 (N.D.N.Y. Apr. 1, 2014) (same); *Mallgren v.*

*South Beach Psychiatric Ctr., et al.*, No. 14–CV–304 (N.D.N.Y. Apr. 1, 2014) (same); *Mallgren v. Shah et al.*, No. 14–CV–334 (N.D.N.Y. Apr. 1, 2014) (same), appeal pending; *Mallgren v. Solicitor General of the United States*, 14–CV–335 (N.D.N.Y. Mar. 28, 2014) (same), appeal pending; *Mallgren v. Buabeng, et al.*, No. 14–CV–301 (N.D.N.Y. Mar. 27, 2014) (same); *Mallgren v. New York State, et al.*, No. 14–CV–302 (N.D.N.Y. Mar. 25, 2014) (same); *Mallgren v. American Express, et al.*, No. 14–CV–279 (N.D.N.Y. Mar. 25, 2014) (same); *Mallgren v. PayPal, et al.*, No. 14–CV–280 (N.D.N.Y. Mar. 24, 2014) (same); *Mallgren v. Greene et al.*, No. 14–CV–246 (N.D.N.Y. Mar.20, 2014) (same); *Mallgren v. New York State et al.*, No. 14–CV–252 (N.D.N.Y. Mar. 20, 2014) (same); *Mallgren v. South Beach Psychiatric Ctr. et al.*, No. 14–CV251 (N.D.N.Y. Mar. 11, 2014) (same).

**5.** *See Mallgren v. Suter*, No. 13–CV–1200, 2013 WL 4033704 (D.D.C. Aug. 2, 2013) (dismissed for failure to state a claim).

fact seek to voluntarily dismiss all of the actions referenced in the notice of voluntary dismissal.

 Accordingly, while the Court grants Plaintiff's application for voluntary dismissal of the above-captioned action, the Court grants Plaintiff 30 days leave to move to reopen the action. Should Plaintiff wish to maintain his claims related to his arrest and alleged criminal charges, he may move to reopen this action using the same docket number within 30 days of the date of this Order. Should Plaintiff reopen this case, it will be reviewed for sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires *sua sponte* dismissal of an IFP action if the court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

### b. Frequent frivolous litigation

Of the 25 cases Plaintiff has filed in this Court since January 23, 2013, with entry of this Memorandum and Order, 16 will have been dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) or for lack of subject matter jurisdiction. By Orders dated May 2, 2013, in *Mallgren v. Motion Recruitment Partners Inc., et al.*, No. 13–CV–1054; *Mallgren v. John Doe Corporation*, No. 13–CV1265; and *Mallgren v. Bloomberg, et al.*, No. 13–CV–1466, Plaintiff was warned that the future filing of vexatious and frivolous litigation may result in sanctions, including the imposition of an injunction prohibiting him from making future filings seeking *in forma pauperis* status without leave of the Court. The Court again issued this warning by Order dated

March 11, 2014 in *Mallgren v. American Psychiatric Association, et al.*, No. 14–CV–2211, 2014 WL 978457 (E.D.N.Y. March 11, 2014).

 The federal courts have limited resources. Frequent frivolous filings work to diminish the ability of the courts to manage their dockets for the efficient administration of justice. "The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir.2000) (citations and internal quotation marks omitted).

 Plaintiff is once again warned that the future filing of vexatious and frivolous litigation may result in sanctions, including the imposition of an injunction prohibiting him from making future filings seeking *in forma pauperis* status without leave of the Court. *See In re Sassower*, 20 F.3d 42, 44 (2d Cir.1994) ("With respect to civil litigation, courts have recognized that the normal opportunity to initiate lawsuits may be limited once a litigant has demonstrated a clear pattern of abusing the litigation process by filing vexatious and frivolous complaints."); *see also Amaker v. Haponik*, 125 Fed.Appx. 375, 376 (2d Cir.2005) (warning plaintiff that "filing of frivolous appeals . . . may result in the imposition of leave-to-file sanctions," as "[s]uch a measure is appropriately applied to those litigants who have a 'clear pattern of abusing the litigation process by filing vexatious and frivolous complaints'" (quoting *In re Sassower*, 20 F.3d at 44)).

## III. Conclusion

For the foregoing reasons, Plaintiff's application for voluntary dismissal is granted.

SO ORDERED.