20-4064 (L)
*Immerso v. U.S. Department of Labor*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of November, two thousand twenty-two.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> GUIDO CALABRESI,
> GERARD E. LYNCH,
> *Circuit Judges*.

_____

SANDRA IMMERSO,

> *Plaintiff-Appellant*,

v.                                                      20-4064 (Lead)
                                                        21-2024 (CON)[*]

UNITED STATES DEPARTMENT OF LABOR,

> *Defendant-Appellee*.

_____

For Plaintiff-Appellant:                     JACK JORDAN, North Kansas City, Missouri.

For Defendant-Appellee:                   VARUNI NELSON, Kathleen A. Mahoney, Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York.

---

[*] 21-2024 (CON) was withdrawn by the order filed on September 15, 2021.

Appeal from a judgment of the Eastern District of New York (Garaufis, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Sandra Immerso ("Immerso") appeals from decisions and orders of the district court in an action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking a document referred to as the Powers email. In these decisions and orders, dated November 20, 2020, March 2, 2020, March 13, 2020, and July 28, 2021, and in its November 23, 2020 final judgment, the district court granted summary judgment to Defendant-Appellee Department of Labor ("DOL") with respect to Immerso's FOIA claims and imposed filing injunctions on Immerso and her counsel, Jack Jordan ("Jordan"). For the reasons set forth below, we affirm the district court's judgment, including all of its orders in this action.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

I.    **Summary Judgment**

We review the district court's grant of summary judgment de novo. *Nat. Res. Def. Council v. EPA*, 19 F.4th 177, 183 (2d Cir. 2021). "In resolving summary judgment motions in a FOIA case, a district court proceeds primarily by affidavits in lieu of other documentary or testimonial evidence." *Long v. Off. of Pers. Mgmt.*, 692 F.3d 185, 190 (2d Cir. 2012). While "the defending agency has the burden of showing that . . . any withheld documents fall within an exemption to the FOIA, . . . we accord a presumption of good faith to an agency's affidavits or declarations, and when an agency provides reasonably detailed explanations to support its decision

---

[1]  All pending motions before the Court are also denied, including Immerso's November 10, 2022 motion to supplement the record on appeal.

to withhold a document, its justification is sufficient if it appears logical and plausible." *Nat. Res. Def. Council*, 19 F.4th at 183 (cleaned up). This presumption "cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 489 (2d Cir. 1999) (citation and internal quotation marks omitted).

Having conducted an independent and de novo review of the record in light of these principles, we affirm the district court's order granting summary judgment with respect to Immerso's FOIA claims, for substantially the same reasons stated by the district court in its careful and well-reasoned memorandum dated November 20, 2020. With respect to Immerso's argument that she was entitled to discovery regarding any nonprivileged parts of the Powers email, we agree with the district court that segregation was unwarranted in this case. *See Cook v. Nat'l Archives & Recs. Admin.*, 758 F.3d 168, 178 (2d Cir. 2014) ("[A] court may . . . decline to order an agency to commit significant time and resources to the separation of disjointed words, phrases, or even sentences which taken separately or together have minimal or no information content." (citation omitted)).

## II. Filing Injunctions

We review a district court's sanctions order pursuant to its inherent powers for abuse of discretion, to "ensure that the district court's sanctions are not based on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Enmon v. Prospect Cap. Corp.*, 675 F.3d 138, 143 (2d Cir. 2012) (citation and internal quotation marks omitted). Courts have an inherent "power to impose silence, respect, and decorum[ ] in their presence, and submission to their lawful mandates," which includes the power to discipline attorneys. *Int'l Techs. Mktg., Inc. v. Verint Sys., Ltd.*, 991 F.3d 361, 367 (2d Cir. 2021) (alteration in original) (citation omitted); *see*

3

*also Mickle v. Morin*, 297 F.3d 114, 125 (2d Cir. 2002) ("A court has the inherent power to supervise and control its own proceedings and to sanction counsel or a litigant for bad-faith conduct or for disobeying the court's orders."). "In order to impose sanctions pursuant to its inherent power, a district court must find that: (1) the challenged claim was without a colorable basis and (2) the claim was brought in bad faith, *i.e.*, motivated by improper purposes such as harassment or delay." *Emmon*, 675 F.3d at 143 (citation omitted).

Here, the district court did not abuse its discretion in enjoining Immerso and Jordan from making further filings in this action or initiating new proceedings in the Eastern District of New York without first obtaining leave of the court, or in requiring Jordan to file a copy of Judge Garaufis's memorandum and order on the dockets of pending and new cases in federal district court that meet certain criteria. Judge Garaufis gave Immerso and Jordan both ample notice that he was considering imposing sanctions, including four specific warnings, as well as the opportunity to be heard. The court correctly found that Immerso and Jordan acted in bad faith in making numerous frivolous motions and in making egregious and slanderous accusations against Judge Garaufis and opposing counsel. The filing requirements were an appropriate sanction in this circumstance. *See In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994) ("[T]he normal opportunity to initiate lawsuits may be limited once a litigant has demonstrated a clear pattern of abusing the litigation process by filing vexatious and frivolous complaints."); *see also Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986) (describing the factors district courts should consider in determining whether to restrict a litigant's future access to the courts).

\*       \*       \*

4

We have considered Immerso's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
