Anthony D. AMAKER, Plaintiff–
Appellant,

v.

Suzanne HAKES, Walter R. Kelly, Su-
perintendent, Cunningham, Sergeant,
M. Schiefer & Cheney, C.O., Defen-
dants–Appellees.

No. 00–0152.

United States Court of Appeals,
Second Circuit.

March 14, 2001.

Anthony D. Amaker, Dannemora, NY,
pro se.

Elliot Spitzer, Attorney General of the
State of New York; Frank Brady, Assis-
tant Solicitor General, Nancy A. Spiegel,
Assistant Solicitor General, Peter H.
Schiff, Senior Counsel, Albany, NY.

JOHN M. WALKER Jr., Chief Judge,
OAKES and CALABRESI, Circuit
Judges.

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS
HEREBY ORDERED, ADJUDGED
AND DECREED that the judgment of
said district court be and it hereby is
AFFIRMED.

Plaintiff-appellant Anthony D. Amaker,
a *pro se* and *in forma pauperis* prisoner,
appeals from a March 30, 2000, judgment
of the district court dismissing pursuant to
Fed.R.Civ.P. 56(c), his suit that asserts
violations of 42 U.S.C. §§ 1981, 1983 and
1985. Amaker's complaint alleged, *inter
alia,* that the defendants, various employ-
ees of the Attica Correctional facility, sub-
jected him to sexual abuse during a pat
down search in violation of the Fourth
Amendment guarantee against unwarrant-
ed searches and the Eighth Amendment
guarantee against cruel and unusual pun-
ishment. It also alleged that the defen-
dants violated the Fourth Amendment
guarantee against unreasonable searches
during a search of his prison cell, and
violated the First Amendment guarantee
of free exercise of religion in confiscating
certain religious materials during that
search.

The district court granted summary
judgment on each claim. With respect to
the pat down search, the district court
concluded that there was no indication that
the alleged conduct was objectively serious
enough so as to violate contemporary stan-
dards of decency, or that it was otherwise
unreasonable or unrelated to prison inter-
ests. With respect to the cell search, the
district court stated that the Fourth
Amendment proscription against unrea-
sonable searches does not apply within the
confines of the prison cell. And finally,
with respect to the free exercise claim, the
district court found that the confiscated
materials were prohibited materials within
the prison and therefore their confiscation
could not serve as the basis of a free
exercise violation. We agree and, there-
fore, conclude that the district court's
grant of summary judgment was proper.

Moreover, having reviewed and consid-
ered Amaker's remaining claims raised on
appeal, we find them lacking merit. Ac-
cordingly, the district court's order grant-
ing summary judgment is hereby AF-
FIRMED.