10-2779-pr
Amaker v. Fischer

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20ᵗʰ day of December, two thousand eleven.

PRESENT:

> JOSÉ A. CABRANES,
> ROSEMARY S. POOLER,
> RICHARD C. WESLEY,
> > *Circuit Judges.*

―――――――――――――――――――――――――――――――

ANTHONY D. AMAKER,

> *Plaintiff - Appellant,*

> v.                                                                              10-2779-pr

BRIAN S. FISCHER, ROBERT KIRKPATRICK, LUCIEN J. LECLAIRE, JR., ROBERT WILLIAM SCHUMACHER, II, W.R. SMITH, G. MONAHAN, ANTONY ANNUCCI, COMMANDING OFFICER D. SCHERER, JANE DOE, JOHN DOE, ET. AL., COMMANDING OFFICER J. SCHULTZ, COMMANDING OFFICER BOB DOE, SARGEANT HARTMAN, COMMANDING OFFICER C. JACOBS, LT. KEENAN, SERGEANT KEOHANE, JOSEPH T. SMITH, JOHN MALY, LT. GARDNER, SERGEANT L. NELSON, SERGEANT J. WARLAU, EDWARDS, COMMANDING OFFICER, MS. MILLER, R. RANDAZZO, COMMANDING OFFICER, MCGUIRE, COMMANDING OFFICER, T. GRANT, COMMANDING OFFICER, PELAN, LT., K. CUNNINGHAM, COMMANDING OFFICER,

CLINTON, COMMANDING OFFICER, MOSS, SERGEANT,
J. HASBROOK, COMMANDING OFFICER, JOHN DOE,
COMMANDING OFFICER., R. LAW, COMMANDING OFFICER,
R. STROKES, COMMANDING OFFICER, BEDENDYK,
COMMANDING OFFICER, D. WILKINS, LT., KRUSAN, LT.,
BROCHET, SERGEANT, K. HOETGER, COMMANDING OFFICER,
HINDLEY, COMMANDING OFFICER, D. MEIER, SERGEANT,
BRIAN MCCOLLOUGH, MS. HILL, V. RIZZO, *ET AL.*,

        *Defendants-Appellees.*

_____

FOR APPELLANT:           Anthony D. Amaker, *pro se*, Attica Correctional Facility, Attica, NY.

FOR APPELLEES:           Barbara D. Underwood, Andrea Oser, and Martin A. Hotvet, on behalf of Eric T. Schneiderman, Attorney General of the State of New York.


Appeal from a judgment of the United States District Court for the Western District of New York (H. Kenneth Schroeder, Jr., *Magistrate Judge*)[1] entered June 23, 2010.


**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court is **AFFIRMED**.


Appellant Anthony D. Amaker, *pro se*, a familiar litigant in this Court,[2] appeals from the denial of his motion for a preliminary injunction, a temporary restraining order, and an expedited hearing. Amaker sought to challenge appellees' implementation of Directive 4913 of the New York State

---

[1] The parties consented to proceed before a Magistrate Judge for all proceedings pursuant to 28 U.S.C. § 636(c).

[2] *See, e.g.*, *Amaker v. Kelley*, 399 F. App'x 688 (2d Cir. 2010); *Amaker v. Haponik*, 125 F. App'x 375 (2d Cir. 2005); *Amaker v. Zon*, 117 F. App'x 806 (2d Cir. 2005); *Amaker v. Kelly*, 115 F. App'x 104 (2d Cir. 2004); *Amaker v. Foley*, 274 F.3d 677 (2d Cir. 2001); *Amaker v. Hakes*, 5 F. App'x 77 (2d Cir. 2001); *Amaker v. Weiner*, 179 F.3d 48 (2d Cir. 1999); *see also Amaker v. Goord*, No. 06-cv-490 (W.D.N.Y. filed July 24, 2006) (originally filed as No. 06-cv-0369 in N.D.N.Y.); *Amaker v. Goord*, No. 06-cv-0602 (W.D.N.Y. filed Sept. 7, 2006); *Amaker v. Goord*, No. 03-cv-1003 (N.D.N.Y. filed Aug. 13, 2003); *Amaker v. Goord*, No. 98 Civ. 3634 (S.D.N.Y. filed May 21, 1998); *Amaker v. Coombe*, No. 96 Civ. 1622 (S.D.N.Y filed Mar. 6, 1996); *Amaker v. Artuz*, No. 98 Civ. 0536 (S.D.N.Y. filed Jan. 27, 1998); *Amaker v. Zon*, No. 94-cv-0843 (W.D.N.Y. filed Nov. 18, 1994); *Amaker v. Hakes*, No. 93-cv-840 (W.D.N.Y. filed Oct. 30, 1993); *Amaker v. Adeyeye*, No. 89 Civ. 7628 (S.D.N.Y. filed Nov. 15, 1989).

Department of Correctional Services ("DOCS"), which limits the amount of property (including legal papers) an inmate may possess in his cell.

## BACKGROUND

We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

Briefly, in 2009, Amaker, *pro se* and incarcerated, filed an amended complaint pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights by officials of the New York State Department of Correctional Services ("DOCS") (jointly, "appellees"). Generally, Amaker asserted that appellees had retaliated against him for having successfully obtained, in December 2007, a preliminary injunction in the District Court, which enjoined DOCS employees from: (1) prohibiting Amaker and other members of the Nation of Islam from attending Nation of Islam services and classes on account of their dreadlocks; and (2) punishing the members of the Nation of Islam for refusing to cut their hair or refusing to change their religious affiliations to Rastafarian in accordance with DOCS' policy.[3]

As relevant here, Amaker alleged that an officer had told him that DOCS was "going to do something about [his] legal property," and that "[DOCS] Commissioner Fischer ha[d] put out a memorandum to change the amount of property[,] including legal property [, that an inmate may possess in his cell]." Am. Compl. ¶ 49. He asserted that this would impose a burden on him because he had "several [pending] federal litigations [and New York] court of claims actions requiring discovery." *Id.* Amaker further stated that "Mr. Fischer is telling prisoners they will only be allowed one duffel bag of active legal work," which was an arbitrary rule implemented in "retaliation against civil litigations," and that his legal paperwork concerning his criminal conviction alone "cover[ed] over one duffel bag." *Id.*

In January 2010, Amaker moved for a preliminary injunction, a temporary restraining order, and an expedited hearing, in which he sought to restrict appellees from limiting his legal work product to one duffel bag. Although Amaker referred to Directive 4913 as retaliatory, his sole argument was that Directive 4913 was unconstitutional because it burdened his access to the courts and was unrelated to institutional safety or any correctional goal. Amaker referenced two pending appeals before this Court that he asserted would be prejudiced by Directive 4913: (1) *Amaker v. Goord*, 09-2993-pr; and (2) *Amaker v. Goord*, 07-1007-pr.

---

[3] In June 2010, the District Court made the injunction permanent.

In opposition, appellees argued that Amaker's motion should be denied because he could not demonstrate "a likelihood of success on the merits," as: (1) Directive 4913 did not impede Amaker's access to the courts; and (2) their implementation of Directive 4913 was not in retaliation for Amaker's success in obtaining the December 2007 preliminary injunction. ROA doc. 80 at 9–14.

The Magistrate Judge denied Amaker's motion for a preliminary injunction,[4] finding that Amaker had failed to meet the standard for a preliminary injunction because he could not demonstrate that he would be irreparably harmed absent the injunction, and, even if he was able to demonstrate irreparable harm, it was unlikely that he would succeed on the merits of his claim.

With respect to the issue of irreparable harm, the Magistrate Judge found that there was "no evidence that [Amaker] ha[d] suffered an actual injury as a result of DOCS' Directive 4913," noting that he would "not credit [Amaker's] complaint that he has been completely deprived of his legal materials when that deprivation stems from his own refusal to cull one draft bag of legal materials from his five draft bags of legal materials." ROA doc. 87 at 11–12. The Magistrate Judge went on to state that "[a]ny claim that one draft bag of legal materials is insufficient to allow [Amaker] to meaningfully prosecute his legal claims is completely speculative pending [his] good faith attempt to do so." *Id.* at 12.

Additionally, the Magistrate Judge determined that Amaker was unlikely to succeed on the merits of his claim because Directive 4913 "was reasonably related to DOCS' legitimate interest in maintaining prison security and protecting inmates from health and safety risks." *Id.* Specifically, the Magistrate Judge explicitly noted that it was rational for DOCS to conclude that five draft bags of legal materials could: (1) pose a fire hazard; (2) impede DOCS' efforts to control contraband; and (3) impose administrative burdens on DOCS during an inmate's transfer to a different facility. *Id.* Moreover, the Magistrate Judge stated that DOCS had balanced inmates' right of access to the courts with its legitimate penological interests "by allowing inmates to possess an additional draft bag of personal property to accommodate legal materials pertaining to active legal matters." *Id.* Additionally, the Magistrate Judge stated that Directive 4913 "appears to permit inmates to choose between legal materials and other personal property with respect to the four draft bags DOCS will transfer at state expense should the fifth draft bag prove insufficient." *Id.* at 13. In conclusion, the Magistrate Judge ordered that Amaker be "afforded sufficient opportunity to sort through his five draft bags of legal materials to cull one draft bag of legal materials to retain and to dispose of the remaining materials in accordance with . . . DOCS Directive 4913." *Id.* The Magistrate Judge's order was entered on June 23, 2010.

---

[4] The Magistrate Judge did not expressly address Amaker's request for a hearing or temporary restraining order.

Amaker timely filed a notice of appeal on July 8, 2010. *See* ROA docs. 87, 92. On appeal, Amaker contends that the district court "abused it[s] discretion by not following [this Court's] precedents that the confiscation of [his] legal work product . . . was an extraordinary matter of law" and "[t]hat free speech and freedom of expression to legal work product is a substantive right . . . not subject[] to procedural manners of blocking or hindering the right to petition the court [for] redress of grievance[s] protected by the First Amendment." Appellant's Br. at 2. Specifically, he asserts that Directive 4913 was aimed toward stopping the "expression of speech to a legal forum," *id.* at 13; conflicted with DOCS regulations; amounted to content and viewpoint discrimination; and was arbitrary and irrational, as it was based on "an exagger[a]ted response to control litigation," *id.* at 11. He states that he "was subjected to retaliation for getting the preliminary injunction in the first place," but does not elaborate how the implementation of Directive 4913 was retaliatory. *Id.* at 8.

## *DISCUSSION*

"We review a district court's decision to grant or deny a preliminary injunction for abuse of discretion." *Oneida Nation of N.Y. v. Cuomo*, 645 F.3d 154, 164 (2d Cir. 2011) (citation omitted).

A party seeking a preliminary injunction must generally establish (1) irreparable harm and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of his claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party. However, where, as a here, "[a] party seek[s] to enjoin 'governmental action taken in the public interest pursuant to a statutory or regulatory scheme[,]' [he] cannot rely on the 'fair ground for litigation' alternative even if [he] seeks to vindicate a sovereign or public interest," but "must establish a likelihood of success on the merits."[5] *Id.* (quoting *Monserrate v. N.Y. State Senate*, 599 F.3d 148, 154 (2d Cir. 2010)).

### I. Irreparable Harm

For purposes of this appeal, we assume, *arguendo*, that Amaker could demonstrate irreparable harm.[6] The implementation of Directive 4913 directly limited Amaker's speech—that is, it is not

---

[5] Appellees assert that the relief sought by Amaker should be characterized as a mandatory injunction, which would require him to meet an even higher burden. *See Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011). "A mandatory preliminary injunction should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Id.* (citation and internal quotation marks omitted). We need not decide whether Amaker's requested relief would be properly characterized as a mandatory injunction, inasmuch as he failed to meet the lower "likelihood of success on the merits" standard.

[6] The Magistrate Judge concluded that Amaker *could not* demonstrate irreparable harm because the deprivation of his legal papers stemmed from "his own refusal to cull one draft bag of legal

disputed that DOCS officials directly limited the amount of legal papers he could possess in his cell and confiscated his legal papers because he exceeded the allowable quantity. Irreparable harm may normally be presumed under such circumstances. *See, e.g.*, *Bronx Household of Faith v. Bd. of Educ. of City of N.Y.*, 331 F.3d 342, 349 (2d Cir. 2003) ("Where a plaintiff alleges injury from a rule or regulation that directly limits speech, the irreparable nature of the harm may be presumed."); *N.Y. Magazine, a Div. of Primedia Magazines, Inc. v. Metro. Transp. Auth.*, 136 F.3d 123, 127 (2d Cir. 1998) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." (internal citation and quotation marks omitted)).

## II. Merits

### A.      Denial-of-Access-to-Courts Claim

It is well established that prisoners have a constitutional right to access the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). "The right of access to the courts requires that prisoners defending against criminal charges or convictions (either directly or collaterally) or challenging the conditions of their confinement . . . not be impeded from presenting those defenses and claims for formal adjudication by a court." *Bourdon v. Loughren*, 386 F.3d 88, 96 (2d Cir. 2004). We need not decide whether Amaker is likely to succeed on his claim that the implementation of Directive 4913 interfered with his right to access the courts because he has failed to establish standing for this claim.

To establish standing for a claim for the denial of access to the courts, an inmate must show that he has suffered an "actual injury" traceable to the challenged conduct of prison officials—that is, that a "nonfrivolous" legal challenge to his judgment of conviction or conditions of confinement "had been frustrated or was being impeded" due to the actions of prison officials. *Lewis v. Casey*, 518 U.S. 343, 351–53, 355 (1996).

Amaker failed to show he suffered an "actual injury" as a result of the personal property limitation placed on him by DOCS's policy. Amaker conclusorily asserts that he "has already suffered prejudice because an appeal was dismissed for not having the necessary low[er] court's proceedings on [a] prior motion to dismiss[] and summary judgment," and that legal papers were unavailable to him in "an appeal after a trial." Although he does not specify what appeal was dismissed, he is presumably referring to his appeal in *Amaker v. Goord*, 09-2993-pr, from a judgment in an unrelated action he had brought in the Northern District of New York, an appeal that was dismissed by this Court in February 2011 after Amaker failed to file his appellate brief.

---

materials from his five draft bags of legal materials."

6

In asserting that he was prejudiced, Amaker makes no attempt to show that his appeal docketed under 09-2993-pr, or any other pending litigation, had any merit. *Cf. Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (en banc) (explaining that, in asserting a denial-of-access-to-courts claim, a plaintiff cannot rely on "conclusory allegations"). Nor did he make such a showing before the District Court. Accordingly, notwithstanding Amaker's challenges to the implementation of Directive 4913, the Magistrate Judge did not err or "abuse his discretion," *see Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (explaining "abuse of discretion"), in declining to grant a preliminary injunction insofar as Amaker's motion was predicated on a denial-of-access-to-courts claim, as he failed to establish standing to assert such a claim.

## B. Retaliation

"Prisoners, like non-prisoners, have a constitutional right of access to the courts and to petition the government for the redress of grievances, and prison officials may not retaliate against prisoners for the exercise of that right." *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995). "But because prisoner retaliation claims are easily fabricated, and accordingly pose a substantial risk of unwarranted judicial intrusion into matters of general prison administration, [the Court is] careful to require non-conclusory allegations." *Bennett v. Goord*, 343 F.3d 133, 137 (2d Cir. 2003) (internal citation and quotation marks omitted). To establish a retaliation claim, the prisoner "bears the burden of showing, first, that he engaged in constitutionally protected conduct and, second, that the conduct was a substantial or motivating factor for the adverse actions taken by prison officials." *Id.*

Although Amaker asserted a retaliation claim before the District Court, he makes no non-conclusory argument about his retaliation claim on appeal and does not elaborate as to how the implementation of Directive 4913 was in retaliation for successfully obtaining a December 2007 preliminary injunction. Consequently, any potential retaliation claim is deemed waived. *See LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) ("[The Court] need not manufacture claims of error for an appellant proceeding *pro se*."); *see also* Fed. R. App. P. 28(a)(9)(A) (noting that an appellant's brief must contain the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"); *Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (deeming issue waived where appellant "devote[d] only a single conclusory sentence" to that issue).

## III. Hearing

"A determination not to hold an evidentiary hearing is reviewed for abuse of discretion." *United States v. Amico*, 486 F.3d 764, 779 (2d Cir. 2007). Notwithstanding Amaker's concerns about appellees' alleged non-compliance with the December 2007 preliminary injunction, he has not shown that an

evidentiary hearing would help resolve any material factual issues related to his present request for injunctive relief concerning the implementation of Directive 4913. *See Maryland Cas. Co. v. Realty Advisory Bd. on Labor Relations*, 107 F.3d 979, 984 (2d Cir. 1997) ("[T]here is no hard and fast rule in this circuit that oral testimony must be taken on a motion for a preliminary injunction or that the court can in no circumstances dispose of the motion on the papers before it." (internal quotation marks omitted)). In the circumstances presented here, there was no abuse of discretion in the decision of the Magistrate Judge to deny Amaker's motion without a hearing.

## *CONCLUSION*

We have considered all of Amaker's claims on appeal and find them to be without merit. For the reasons stated above, the order of the District Court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8